BNDDUTY,CLOSED

# U.S. District Court
## Southern District of Florida (Ft Lauderdale)
## CRIMINAL DOCKET FOR CASE #: <u>0:24–mj–06170–AOV</u> All Defendants
### *Internal Use Only*

Case title: USA v. Edwards

Date Filed: 04/17/2024

Date Terminated: 04/17/2024

Assigned to: Magistrate Judge
Alicia O. Valle

### **Defendant (1)**

| | | |
|---|---|---|
| **Jalisa Edwards**<br>10087–511<br>*YOB 1998 English*<br>*TERMINATED: 04/17/2024* | represented by | **Noticing FPD–FTL**<br>(954) 356–7436<br>Email: ftl_ecf@fd.org<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Public Defender Appointment* |

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Opening)** | |
|---|---|
| None | |

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level<br>(Terminated)** | |
|---|---|
| None | |

| **Complaints** | **Disposition** |
|---|---|
| 18:U.S.C.§3 ACCESSORY<br>AFTER THE FACT | |

### **Plaintiff**

| | | |
|---|---|---|
| **USA** | represented by | **Paul Schwartz**<br>United States Attorney's Office<br>500 E Broward Boulevard |

1

7th Floor
Fort Lauderdale, FL 33301–3002
954–356–7255
Fax: 356–7230
Email: paul.schwartz@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/17/2024 | 1 | Magistrate Judge Removal of Indictment from MIDDLE DISTRICT OF PENNSYLVANIA Case number in the other District 1:24–CR–00096 as to Jalisa Edwards (1). (at) (Entered: 04/17/2024) |
| 04/17/2024 |  | Set Hearing as to Jalisa Edwards: Initial Appearance – Rule 5(c)(3)/40 set for 4/17/2024 11:00 AM in Fort Lauderdale Division before FTL Duty Magistrate Judge. (at) (Entered: 04/17/2024) |
| 04/17/2024 |  | Arrest of Jalisa Edwards (at) (Entered: 04/17/2024) |
| 04/17/2024 | 2 | Minute Order for proceedings held before Magistrate Judge Alicia O. Valle: Initial Appearance in Rule 5(c)(3)/Rule 40 Proceedings as to Jalisa Edwards held on 4/17/2024. Stipulated Bond set: Jalisa Edwards (1) 50,000 PSB. All further proceedings to be held in the Middle District of Pennsylvania. Attorney added: Noticing FPD–FTL for Jalisa Edwards (Digital 11:06:39 (Rights) / 12:02:23) Signed by Magistrate Judge Alicia O. Valle on 4/17/2024. (rbe) (Entered: 04/17/2024) |
| 04/17/2024 | 3 | WAIVER of Rule 5(c)(3)/Rule 40 Hearing by Jalisa Edwards. (rbe) (Entered: 04/17/2024) |
| 04/17/2024 | 4 | $50,000 PSB Bond Entered as to Jalisa Edwards Approved by Magistrate Judge Alicia O. Valle. *Please see bond image for conditions of release.* (rbe) (Additional attachment(s) added on 4/17/2024: # 1 Restricted Bond with 7th Page) (rbe). (Entered: 04/17/2024) |
| 04/17/2024 | 5 | ORDER OF REMOVAL ISSUED to District of Middle District of Pennsylvania as to Jalisa Edwards. Closing Case for Defendant. Signed by Magistrate Judge Alicia O. Valle on 4/17/2024. *See attached document for full details.* (rbe) (Entered: 04/17/2024) |

FILED BY
Apr 17, 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTL

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CR. NO. 1:24-CR- 00096 |
| | : | |
| v. | : | (Judge WILSON ) |
| | : | OUR CASE NO: 24-6170-MJ-VALLE |
| DURANTE KING-MCLEAN, | : | |
| PRASATH PARAMALINGAM, | : | |
| ARCHIT GROVER, and | : | FILED |
| JALISA EDWARDS, | : | HARRISBURG, PA |
| Defendants | : | APR 10 2024 |
| | | PER___I82___ |
| | | DEPUTY CLERK |

INDICTMENT

THE GRAND JURY CHARGES:

COUNT 1
18 U.S.C. § 933(a)(1), (a)(3) and (b)
(Conspiracy to Traffick in Firearms)

Beginning on or about April 2023, up to and including September 2, 2023, in Franklin County, Pennsylvania, within the Middle District of Pennsylvania, and elsewhere, the defendants,

DURANTE KING-MCLEAN,
and
PRASATH PARAMALINGAM,

did knowingly conspire and agree with each other, and with persons known and unknown to the grand jury, to ship, transport, transfer, cause to be transported, and otherwise dispose of one and more firearms,

3

including, but not limited to, the firearms identified in Count 2 of this Indictment, to another person, in and affecting interstate and foreign commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of a firearm by the recipient would constitute a felony (as defined in section 932(a)).

## OVERT ACTS

The following are overt acts, among others, in furtherance of this conspiracy. The factual allegations contained in counts 2 through 6 inclusive are also incorporated here as overt acts:

1. On April 23, 2023, **KING-MCLEAN** and **PRASATH PARAMALINGAM**, and others known and unknown to the grand jury, discussed arranging for **KING-MCLEAN's** illegal entry into the United States to illegally secure and transport firearms back to Canada.

2. On April 24, 2023, **PRASATH PARAMALINGAM** discussed with **KING-MCLEAN** flight information and plans to meet with **KING-MCLEAN** in the United States in a "Threema" chat. Threema is a paid cross platform encrypted instant messaging application developed in Switzerland.

3. On May 22, 2023, in a Threema chat **PRASATH PARAMALINGAM** wrote that he is going to leave Portugal early to get cash for **KING-MCLEAN**.

4. On May 23, 2023, **PRASATH PARAMALINGAM** sent to **KING-MCLEAN** a photograph of large amounts of Canadian Currency wrapped together in multiple rubber bands. **PRASATH PARAMALINGAM** wrote: "Just picked up the change for you going…to exchange the change to USD".

5. On May 24, 2023, **PRASATH PARAMALINGAM** and another person known to the Grand Jury flew from Toronto, Ontario, to New York City, New York, to deliver money to **KING-MCLEAN**.

6. On May 25, 2023, in a Threema chat between **KING-MCLEAN** and **PRASATH PARAMALINGAM,** going by "Stunner", **PARSATH PARAMALINGAM** wrote that the "funds are here".

7. On May 29, 2023, **PRASATH PARAMALINGAM** flew back to Toronto, Ontario, via Miami International Airport.

8. On June 17, 2023, utilizing Instagram, **KING-MCLEAN** and **PRASATH PARAMALINGAM,** using the moniker "sristar16",

3

discussed the rental of an Airbnb for **KING-MCLEAN**. The Airbnb being discussed was located in Fort Lauderdale, FL.

9. While **KING-MCLEAN** stayed at the Airbnb he and **PRASATH PARAMALINGAM** and others known to the Grand Jury communicated routinely via social media regarding facilitating **KING-MCLEAN's** stay at the Airbnb.

10. On July 13, 2023, utilizing Instagram, **PRASATH PARAMALINGAM** wrote to **KING-MCLEAN** and stated that he has "change" for him and that a person known to the Grand Jury would bring the money.

11. On August 8, 2023, utilizing Threema, **PRASATH PARAMALINGAM** and **KING-MCLEAN** discussed the purchase of several firearms for "3500". **PRASATH PARAMALINGAM** then communicated: "Get it…Good to go gtg".

12. Throughout the month of August 2023, **KING-MCLEAN** took multiple photographs of firearms and large amounts of US currency utilizing his cellphone.

13. On or about August 28, 2023, in a text message conversation with **JALISA EDWARDS** a/k/a "lisa", **KING-MCLEAN** talked about

acquiring "45 sticks" that month. **JALISA EDWARDS** expressed concern to **KING-MCLEAN** before he left Florida about him "getting pulled."

14. On August 28, 2023, **KING-MCLEAN** left Florida in a rental vehicle and traveled north. **KING-MCLEAN** stopped for a few days in Atlanta, Georgia where he met with a person known to the Grand Jury who rented a U-Haul storage facility on August 15, 2023, located in Atlanta, Georgia.

15. On August 30 and August 31, 2023, **KING-MCLEAN** visited the U-Haul facility in Atlanta, Georgia. Surveillance video footage from the storage facility shows **KING-MCLEAN** with a backpack in his left hand. The backpack was recovered from the trunk of **KING-MCLEAN's** vehicle on September 2, 2023, and contained over 30 firearms.

16. On September 2, 2023, **KING-MCLEAN** was stopped in Franklin County by the Pennsylvania State Police for a motor vehicle violation. During the course of the stop, **KING-MCLEAN** fled on foot and was captured by police at the scene. During the stop, PSP seized firearms from the trunk of the rental vehicle. Of the 65 firearms that

were recovered, 2 were fully automatic, 11 were stolen and 1 had an obliterated serial number.

All in violation of Title 18, United States Code, Sections 933(a)(1), (a)(3), and (b).

**THE GRAND JURY FURTHER CHARGES THAT:**

### COUNT 2
18 U.S.C. § 922(g)(5)
(Illegal Alien in Possession of a Firearm)

On or about September 2, 2023, in Franklin County, Pennsylvania, within the Middle District of Pennsylvania, the defendant,

**DURANTE KING-MCLEAN,**

knowing that he was an alien illegally and unlawfully in the United States, did knowingly possess the following firearms, having been shipped and transported in interstate commerce:

1) Black Glock, Model 19, 9mm semi-automatic pistol, serial number ABPL922;

2) Black/Silver Slide Glock, Model 48, 9mm semi-automatic pistol, serial number BLRV087;

3) Silver Smith & Wesson, Model SD-9, 9mm semi-automatic pistol, serial number FBX3417;

4) Black Glock, Model 26, 9mm semi-automatic pistol, serial number BPS766;

6

5) Black Glock, Model 44, .22 caliber semi-automatic pistol, serial number ADUH599;

6) Tan Glock, Model 19X, 9mm semi-automatic pistol, serial number BXZA621;

7) Black CZ, Model 75B, 9mm semi-automatic pistol, serial number B502440 (stolen);

8) Black Glock, Model 17, 9mm semi-automatic pistol, serial number BRED328;

9) Black Walter, Model PPX, 9mm semi-automatic pistol, serial number FBB3984;

10) Black Glock, Model 29, 10mm semi-automatic pistol, serial number BMDB760;

11) Black Glock, Model 17, 9mm semi-automatic pistol, serial number BNHZ466;

12) Black/Tan Grip Bersa, Model BP9CC, 9mm semi-automatic pistol, serial number K84936;

13) Black Glock, Model 17, 9mm semi-automatic pistol, serial number BEB732;

14) Black Glock, Model 22, .40 caliber full-automatic pistol, serial number IM3288PD;

15) White Glock, Model 48, 9mm semi-automatic pistol, serial number BXMX185 (stolen);

16) Black Glock, Model 19, 9mm semi-automatic pistol, serial number HRG129;

17) Black Glock, Model 22, .40 caliber semi-automatic pistol, serial number CDT387;

18)   Black Glock, Model 26, 9mm semi-automatic pistol, serial number AGGB118;

19)   Black Glock, Model 43X, 9mm semi-automatic pistol, serial number BMYF253;

20)   Black Glock, Model 22, .40 caliber semi-automatic pistol, serial number KHX808;

21)   Black Glock, Model 22, .40 caliber semi-automatic pistol, serial number BEP981;

22)   Black Smith & Wesson, Model MP SHIELD EZ, 9mm semi-automatic pistol, serial number RHN3480 (stolen);

23)   Black Glock, Model 17, 9mm semi-automatic pistol, serial number BUMU902;

24)   Black Glock, Model 23, .40 caliber semi-automatic pistol, serial number PZT906;

25)   Black Glock, Model 42, .380 caliber semi-automatic pistol, serial number ADVC569 (stolen);

26)   Black Glock, Model 27, .40 caliber semi-automatic pistol, serial number BXMU928;

27)   Black Glock, Model 27, .40 Caliber semi-automatic pistol, serial number HHL731;

28)   Black Glock, Model 19, 9mm semi-automatic pistol, serial number VRP332;

29)   Black/Wood Grip CENTURY ARMS, Model MICRO DRACO, 7.62x39 semi-automatic pistol, serial number ROA22PMD38608;

8

10

30) Black Glock, Model 23, .40 caliber semi-automatic pistol, serial number BWTN708;

31) Black/Tan Grip Glock, Model 19, 9mm semi-automatic pistol, serial number BALV446;

32) Black/Gold Barrel Glock, Model 19, 9mm semi-automatic pistol, serial number VKX458;

33) Black Glock, Model 42, .380 caliber semi-automatic pistol, serial number AAYV595;

34) Black Glock, Model 43, 9mm semi-automatic pistol, serial number ABUC716;

35) Black Glock, Model 43X, 9mm semi-automatic pistol, serial number BXSX066;

36) Black Glock, Model 42, .380 caliber semi-automatic pistol, serial number ACGB895;

37) Black/Green Slide Glock, Model 21, .45 caliber semi-automatic pistol, serial number 21 LLK666;

38) Black Glock, Model 21, .45 caliber semi-automatic pistol, serial number AFWY423;

39) Black Glock, Model 19, 9mm semi-automatic pistol, serial number VXZ546;

40) Black Glock, Model 21, .45 caliber semi-automatic pistol, serial number TUF309;

41) Black Glock, Model 30, .45 caliber semi-automatic pistol, serial number BRRU330;

42) Black Glock, Model 17, 9mm semi-automatic pistol, serial number BMCW863;

43) Black Smith & Wesson, Model MP9 Shield Plus, 9mm semi-automatic pistol, serial number JMT5892 (stolen);

44) Silver/Black Grip Walther, Model PPK, .380 caliber semi-automatic pistol, serial number AA091465;

45) Black Glock, Model 17, 9mm semi-automatic pistol, serial number BNXK605 (FULL AUTO);

46) Black Polymer 80;

47) Black Sig Sauer, Model P365, 9mm semi-automatic pistol, serial number 66F050784 (stolen);

48) Black/Gray Grip Polymer 80;

49) Tan FN, Model 509, 9mm semi-automatic pistol, serial number GKS0112046;

50) Black Walther, Model PPS, 9mm semi-automatic pistol, serial number AY3517 (stolen);

51) Black/Silver Slide Ruger, Model LCP, .380 caliber semi-automatic pistol, serial number 372453667;

52) Black Smith & Wesson, Model MP 9 SHIELD, 9mm semi-automatic pistol, serial number HUM0637 (stolen);

53) Black Sig Sauer, Model P320, 9mm semi-automatic pistol, serial number 58J245158 (stolen);

54) Black Smith & Wesson, Model MP 45 SHIELD, OBLITERATED S/N;

55) Black Polymer 80;

56) Black Smith & Wesson, Model MP 9 SHIELD, 9mm semi-automatic pistol, serial number JMY4588;

57) Black Ruger, Model LCP, .380 caliber semi-automatic pistol, serial number 380025596 (stolen);

58) Black Smith & Wesson, Model MP 9, 9mm semi-automatic pistol, serial number NCL3397 (stolen);

59) Black polymer 80;

60) Black Sig Sauer, Model P238, .380 caliber semi-automatic pistol, serial number 27B260808;

61) Gray/Black Slide;

62) Green Palmetto State Armory, Model Dagger Compact, 9mm semi-automatic pistol, serial number FG085941;

63) Black Sig Sauer, Model P365, 9mm semi-automatic pistol, serial number 66B875617;

64) Black Glock, Model 45, 9mm semi-automatic pistol, serial number BWDN843; and

65) Black Glock, Model 43, 9mm semi-automatic pistol, serial number AFNN379.

All in violation of Title 18, United States Code, Sections 922(g)(5) and 924(a)(8).

**THE GRAND JURY FURTHER CHARGES THAT:**

## COUNT 3
18 U.S.C. § 554 and 2
(Attempt to Unlawfully Export Firearms)

Beginning on or about April 2023, up to and including September 2, 2023, in Franklin County, Pennsylvania, within the Middle District of Pennsylvania, and elsewhere, the defendants,

**DURANTE KING-MCLEAN,**
**and**
**PRASATH PARAMALINGAM,**

did fraudulently and knowingly attempt to export and send from the United States to Canada, merchandise, articles, and objects, that is, the firearms identified in Count 2 of this Indictment, contrary to the laws and regulations of the United States, to wit: Title 50, United States Code, Section 4819(a)(2) and (b) and Title 15, Code of Federal Regulations Section 730, et. seq., and did receive, conceal, buy, sell, and in any manner facilitated the transportation, concealment, and sale of said merchandise, articles, and objects, prior to exportation, knowing the same to be intended for exportation contrary to said laws and regulations of the United States.

All in violation of Title 18, United States Code, Sections 554 and 2.

**THE GRAND JURY FURTHER CHARGES:**

## COUNT 4
18 U.S.C. § 922(o)
(Illegal Possession of a Machinegun)

On or about September 2, 2023, in Franklin County, Pennsylvania, within the Middle District of Pennsylvania, the defendant,

### DURANTE KING-MCLEAN,

did knowingly possess machineguns, that is, a fully automatic Glock 22 Gen 4 40 caliber, serial number IM3288PD, and a fully automatic Glock 17 9mm, serial number BNXK605.

All in violation of Title 18, United States Code, Sections 922(o) and 924(a)(2).

**THE GRAND JURY FURTHER CHARGES:**

## COUNT 5
18 U.S.C. § 922(k)
(Possession of Firearm With Obliterated Serial Number)

On or about September 2, 2023, in Franklin County, Pennsylvania, within the Middle District of Pennsylvania, the defendant,

### DURANTE KING-MCLEAN,

knowingly possessed in interstate commerce a firearm, that is a Smith and Wesson M&P 45 Shield handgun, that had been shipped and

13

transported in interstate commerce, from which the manufacturer's serial number had been removed, altered, and obliterated.

All in violation of Title 18, United States Code, Sections 922(k) and 924(a)(1)(B).

**THE GRAND JURY FURTHER CHARGES:**

### COUNT 6
18 U.S.C. § 922(j)
(Possession of a Stolen Firearm)

On or about September 2, 2023, in Franklin County, Pennsylvania, within the Middle District of Pennsylvania, the defendant,

**DURANTE KING-MCLEAN,**

knowingly possessed a stolen firearm, that is,

| MAKE | MODEL | CALIBER | SERIAL NUMBER |
| --- | --- | --- | --- |
| CZ | CZ75 | 9mm | B502440 |
| Glock | 48 | 9mm | BXMX185 |
| Glock | 42 | 380 | ADVC569 |
| Smith & Wesson | M & P 9 Shield EZ | 9mm | RHN3480 |
| Smith & Wesson | M&P 9 Shield Plus | 9mm | JMT5892 |
| Sig Sauer | P365 | 9mm | 66F050784 |
| Walther | PPS | 9mm | AY3517 |
| Smith & Wesson | M & P 9 Shield | 9mm | HUM0637 |
| Sig Sauer | P320 | 9mm | 58J245158 |
| Ruger | LCP | 380 | 380025596 |
| Smith & Wesson | M & P 9 | 9mm | NCL3397 |

14

16

which had been shipped and transported in interstate commerce, knowing, and having reasonable cause to believe the firearm was stolen.

All in violation of Title 18, United States Code, Sections 922(j) and 924(a)(2).

**THE GRAND JURY FURTHER CHARGES:**

## COUNT 7
### 18 U.S.C. § 3
### (Accessory After the Fact)

Beginning on or about September 2, 2023, up and to the present, in Franklin County, Pennsylvania, within the Middle District of Pennsylvania, and elsewhere, the defendant,

**JALISA EDWARDS,**

knowing that an offense against the United States had been committed, to wit, those offenses described in Counts One through Six of this Indictment, did receive, relieve, comfort, and assist the offender, **DURANTE KING-MCLEAN**, in order to hinder and prevent the offender's apprehension, trial, and punishment, by among other things, **JALISA EDWARDS** engaging in numerous telephone conversations with and between **KING-MCLEAN, ARCHIT GROVER,** and others known to the grand jury, alerting others to **KING-MCLEAN's** arrest, the nature of

15

the investigation being federal, removal of evidence from the Airbnb in Florida, and arranging with **ARCHIT GROVER** for a $1,000 payment to the rental car agency to secure an after-the-fact rental agreement for the vehicle **KING-MCLEAN** was using to transport firearms to Canada.

All in violation of 18 U.S.C. § 3.

**THE GRAND JURY FURTHER CHARGES:**

<u>**COUNT 8**</u>
18 U.S.C. § 3
(Accessory After the Fact)

Beginning on or about September 2, 2023, up and to the present, in Franklin County, Pennsylvania, within the Middle District of Pennsylvania, the defendant,

**ARCHIT GROVER,**

knowing that an offense against the United States had been committed, to wit, those offenses described in Counts One through Six of this Indictment, did receive, relieve, comfort, and assist the offender, **DURANTE KING-MCLEAN**, in order to hinder and prevent the offender's apprehension, trial, and punishment, by among other things, **ARCHIT GROVER** engaging in numerous telephone conversations with and between **KING-MCLEAN, JALISA EDWARDS**, and others, known

16

to the grand jury concerning alerting others to **KING-MCLEAN's** arrest, the nature of the investigation being federal, removal of possible evidence from the Airbnb in Florida, and sending at **JALISA EDWARD's** request a $1,000 payment to the rental car agency to secure an after-the-fact rental agreement for the vehicle **KING-MCLEAN** was using to transport firearms to Canada.

All in violation of 18 U.S.C. § 3.

A TRUE BILL

GERARD M. KARAM
United States Attorney

FOREPERSON

4/10/2024

WILLIAM A. BEHE
Assistant United States Attorney

Date

17

```
MIME-Version:1.0
From:cmecfautosender@flsd.uscourts.gov
To:flsd_cmecf_notice
Bcc:
--Case Participants: Paul Schwartz (caseview.ecf@usdoj.gov, gloria.hope@usdoj.gov,
marcela.walsh@usdoj.gov, paul.schwartz@usdoj.gov, usafls-brdkt@usdoj.gov,
usafls.ftlscheduler@usdoj.gov), Magistrate Judge Alicia O. Valle (valle@flsd.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:24331699@flsd.uscourts.gov
```
Subject:Activity in Case 0:24-mj-06170-AOV USA v. Edwards Set/Reset Deadlines/Hearings
Content–Type: text/html

## U.S. District Court

## Southern District of Florida

## Notice of Electronic Filing

The following transaction was entered on 4/17/2024 at 9:31 AM EDT and filed on 4/17/2024

| | |
|---|---|
| **Case Name:** | USA v. Edwards |
| **Case Number:** | 0:24–mj–06170–AOV |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
**Set Hearing as to Jalisa Edwards: Initial Appearance – Rule 5(c)(3)/40 set for 4/17/2024 11:00 AM in Fort Lauderdale Division before FTL Duty Magistrate Judge. (at)**

**0:24–mj–06170–AOV–1 Notice has been electronically mailed to:**

Paul Schwartz &nbsp &nbsp paul.schwartz@usdoj.gov, CaseView.ECF@usdoj.gov, gloria.hope@usdoj.gov, marcela.walsh@usdoj.gov, USAFLS–BRDKT@usdoj.gov, USAFLS.FTLScheduler@usdoj.gov

**0:24–mj–06170–AOV–1 Notice has not been delivered electronically to those listed below and will be provided by other means. For further assistance, please contact our Help Desk at 1–888–318–2260.:**

```
MIME-Version:1.0
From:cmecfautosender@flsd.uscourts.gov
To:flsd_cmecf_notice
Bcc:
--Case Participants: Paul Schwartz (caseview.ecf@usdoj.gov, gloria.hope@usdoj.gov,
marcela.walsh@usdoj.gov, paul.schwartz@usdoj.gov, usafls-brdkt@usdoj.gov,
usafls.ftlscheduler@usdoj.gov), Magistrate Judge Alicia O. Valle (valle@flsd.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:24331721@flsd.uscourts.gov
Subject:Activity in Case 0:24-mj-06170-AOV USA v. Edwards Arrest
Content-Type: text/html
```

## U.S. District Court

### Southern District of Florida

**Notice of Electronic Filing**

The following transaction was entered on 4/17/2024 at 9:32 AM EDT and filed on 4/17/2024

| | |
|---|---|
| **Case Name:** | USA v. Edwards |
| **Case Number:** | 0:24–mj–06170–AOV |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
 **Arrest of Jalisa Edwards (at)**


**0:24–mj–06170–AOV–1 Notice has been electronically mailed to:**

Paul Schwartz &nbsp &nbsp paul.schwartz@usdoj.gov, CaseView.ECF@usdoj.gov, gloria.hope@usdoj.gov, marcela.walsh@usdoj.gov, USAFLS–BRDKT@usdoj.gov, USAFLS.FTLScheduler@usdoj.gov

**0:24–mj–06170–AOV–1 Notice has not been delivered electronically to those listed below and will be provided by other means. For further assistance, please contact our Help Desk at 1–888–318–2260.:**

# COURT MINUTES/ORDER

## United States Magistrate Judge Alicia O. Valle

**Courtroom 310**                    Date: 4/17/2024   Time: 11:00 a.m.

Defendant: Jalisa Edwards(J)         J#: 10087-511  Case #: 24-6170-AOV

AUSA: Paul Schwartz _Julia Vaglienti_      Attorney: _Allari Dominguez, AFPD_

Violation: Accessory After the Fact

Proceeding: Initial Appearance-Rule 40/5 Removal      CJA Appt: _____

Bond/PTD Held: ☑ Yes  ☐ No      Recommended Bond: _____

Bond Set at: _Stipulated $50k PSB_           Co-signed by: _____

☑ Surrender and/or do not obtain passports/travel docs      Language: English

☑ Report to PTS as directed/or _____ x's a week/month by
   phone: ____ x's a week/month in person

☑ Random urine testing by Pretrial Services _____
   Treatment as deemed necessary

☑ Refrain from excessive use of alcohol

☐ Participate in mental health assessment & treatment

☑ Maintain or seek full-time employment/education

☑ No contact with victims/witnesses / co-defendants

☑ No firearms

☑ Not to encumber property

☑ May not visit transportation establishments

☐ Home Confinement/Electronic Monitoring and/or
   Curfew ____ pm to ____ am, paid by _____

☐ Allowances: Medical needs, court appearances, attorney visits,
   religious, employment

☑ Travel extended to: _SDFL; MD PA for Court Appearances_

☑ Other: _____

**Disposition:**
- Defendant present
- Advised of rights and charges
- Sworn and testified re Indigency. AFPD appointed
- Defendant waives removal and identity hearing.
- Further proceedings to be held in Middle District PA.

**NEXT COURT APPEARANCE**  Date:      Time:      Judge:      Place:

Report RE Counsel: _____

PTD/Bond Hearing: _____

Prelim/Arraign or Removal: _____

Status Conference RE: _____

D.A.R. _11:06:39 (Rights); 12:02:23_      Time in Court: _30 mins_

**CHECK IF APPLICABLE:** _____ For the reasons stated by counsel for the Defendant and finding that the ends of justice served by granting the ore tenus motion for continuance to hire counsel outweigh the best interests of the public & the Defendant in a Speedy Trial, the Court finds that the period of time from today, through and including _____, shall be deemed excludable in accordance with the provisions of the Speedy Trial Act, 18 USC 3161 et seq..

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No: 24-MJ-6170-AOV

United States of America
    Plaintiff,

  v.

Jalisa Edwards           Charging District's Case No. 1:24-Cr-00096
    Defendant,

_____/

### WAIVER OF RULE 5 & 5.1 REMOVAL/IDENTITY HEARINGS

I understand that I have been charged in another district, the Middle District of Pennsylvania.

I have been informed of the charges and of my rights to:

(1)    retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)    an identity hearing to determine whether I am the person named in the charges;

(3)    production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)    a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise — unless I am indicted — to determine whether there is probable cause to believe that an offense has been committed;

(5)    a hearing on any motion by the government for detention;

(6)    request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my rights to: **(check those that apply)**

☐ An identity hearing and production of the warrant.

☐ A preliminary hearing.

☐ A detention hearing in the Southern District of Florida.

☑ An identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled to in this district. I request that those hearings be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: 4/17/2024

_____
Defendant's Signature

_____
Alicia O. Valle
UNITED STATES MAGISTRATE JUDGE

(Revised 03/2020)

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

APPEARANCE BOND: $50,000 Personal Surety Bond

CASE NO.: 24-MJ-6170-AOV

UNITED STATES OF AMERICA
          Plaintiff,

v.

USM #: 10087-511

Jalisa Edwards
          Defendant,

_____/

I, the undersigned defendant and I or we, the undersigned sureties, jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay the United States of America, the sum of $ 50k PSB _____

## STANDARD CONDITIONS OF BOND

**The conditions of this bond are that the defendant:**

1. Shall appear before this Court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this Court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case. In no event may a defendant assume that his or her case has been dismissed unless the Court has entered an order of dismissal. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the Court shall order otherwise.

2. May not travel outside the Southern District of Florida unless otherwise approved by the Court prior to any such travel. The Southern District of Florida consists of the following counties: Broward, Highlands, Indian River, Martin, Miami-Dade, Monroe, Okeechobee, Palm Beach and St. Lucie.

3. May not change his/her present address without prior notification and approval from the U.S. Probation Officer or the Court.

4. Must cooperate with law enforcement officers in the collection of a DNA sample if the collection is required by 42 U.S.C. Section 14135a.

5. Must not violate any federal, state or local law while on release in this case. Should the defendant come in contact with law enforcement he/she shall notify the U.S. Probation Officer within 72 hours.

24

DEFENDANT:
CASE NUMBER:
PAGE TWO
## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with the special conditions checked below:

✓ a. Surrender all passports and travel documents, if any, to Pretrial Services and not obtain any travel documents during the pendency of the case;

✓ b. Report to Pretrial Services as follows: (✓) as directed or ___ time(s) a week in person and ___ time(s) a week by telephone;

✓ c. Submit to substance abuse testing and/or treatment, contribute to the cost of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

✓ d. Refrain from ___ excessive OR ___ abstain from alcohol use or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. §802), without a prescription by a licensed medical practitioner;

___ e. Participate in a mental health assessment and/or treatment and contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

___ f. Employment restriction(s): _____

✓ g. Maintain or actively seek full-time employment;

___ h. Maintain or begin an educational program;

✓ i. Avoid all contact with victims or witnesses to the crimes charged, except through counsel. The AUSA shall provide defense counsel and pretrial services with the names of all victims or witnesses. The prohibition against contact does not take effect until defense counsel receives the list. The prohibition against contact applies only to those persons on the list, but the prosecutor may expand the list by sending written notice to defense counsel and pretrial services.;

✓ j. Avoid all contact with co-defendants and defendants in related cases, except through counsel;

✓ k. Refrain from possessing a firearm, destructive device or other dangerous weapons and shall surrender (if any), their concealed weapons permit to the U.S. Probation Office;

✓ l. None of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., any real property they own, until the bond is discharged, or otherwise modified by the Court;

✓ m. May not visit commercial transportation establishment: airports, seaport/marinas, commercial bus terminals, train stations, etc.; except travel to MD PA for Court Appearances

___ n. Defendant shall consent to the U.S. Probation Officer conducting periodic unannounced examinations of the defendant's computer equipment at his/her place of employment or on the computer at his/her residence which may include retrieval and copying of all data from the computer(s) and any internal or external peripherals to ensure compliance with this condition and/or removal of such equipment for the purpose of conducting a more thorough inspection; and consent at the direction of the U.S. Probation Officer to have installed on the defendant's computer(s), at the defendant's expense, any hardware or software systems to monitor the defendant's computer use;

Case 0:24-cr-60126-AHS Document 164 Filed 04/17/24 Page 26 of 37

DEFENDANT:
CASE NUMBER:
PAGE THREE


__ o. **LOCATION MONITORING PROGRAM:** The defendant shall be monitored by the form of location monitoring and shall abide by all technology requirements as noted below, as well as contribute to the costs of services rendered based on (   ) ability to pay as determined by the U.S. Probation Officer – or – (   ) paid by U.S. Probation;

　__ Location monitoring technology at the discretion of the officer

　__ Radio Frequency (RF) monitoring (Electronic Monitoring)

　__ Active GPS Monitoring

　__ Voice Recognition

　__ Curfew: You are restricted to your residence every day from_____ to_____, or as directed by the supervising officer.

**OR**

　__ Home Detention: You are restricted to your residence at all times except for:

　　(   ) medical

　　(   ) substance abuse or mental health treatment

　　(   ) court appearances

　　(   ) attorney visits or court ordered obligations

　　(   ) religious services

　　(   ) employment

　　(   ) other activities as pre-approved by the supervising officer

— p. **RESIDENTIAL RE-ENTRY CENTER:** The defendant shall reside at a residential re-entry center or halfway house and abide by all the rules and regulations of the program. The cost to be paid by (   )Pretrial Services or   (   ) based on the defendant's ability to pay. You are restricted to the residential re-entry center/halfway house at all times except for:

　　(   ) employment

　　(   ) education

　　(   ) religious services

　　(   ) medical, substance abuse, or mental health treatment

　　(   ) attorney visits

　　(   ) court appearances

　　(   ) court ordered obligations

　　(   ) reporting to Pretrial Services

　　(   ) other _____

__ q. Third-Party Custody: _____will serve as a third party custodian and will report any violations of the release conditions to the U.S. Probation Officer.  Failure to comply with these requirements, the third-party custodian can be subject to the provisions of 18 U.S.C. § 401, Contempt of Court.

　r. The defendant shall submit his person, property, residence, vehicle, papers, computers, (as defined in 18 U.S.C. 1030(e)(1)), other electronic communication or data storage devices or media, or office, to a search conducted by a United States Probation Officer.  The defendant must warn any other occupants that the premises may be subject to searches pursuant to this condition.  Any search must be conducted at a reasonable time and in a reasonable manner.

DEFENDANT:
CASE NUMBER:
PAGE FOUR

__ s. **Mandatory Adam Walsh Conditions:** Defendant shall abide by specified restrictions on personal associations, place of abode, or travel, to avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense; report on a regular basis to a designated law enforcement agency, pretrial services agency or other agency; comply with a specified curfew (with electronic monitoring) and refrain from possessing a firearm, destructive device or other dangerous weapons.

__ t. <u>Additional Sex Offense Conditions for Defendants Charged or Convicted of a Sexual Offense</u>:

1. ( ) Defendant may not have contact with victim(s), or any child under the age of 18, unless approved by the Court or allowed by the U.S. Probation Officer.
2. ( ) The defendant shall not possess or use any data encryption technique or program and shall provide passwords and administrative rights to the U.S. Probation Officer.
3. ( ) Defendant shall participate in specialized sex offender evaluation and treatment, if necessary, and to contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Office.
4. ( ) Defendant shall not possess, procure, purchase or otherwise obtain any internet capable device and/or computer. Additionally, the defendant is prohibited from using another individual's computer or device that has internet capability.
5. ( ) Defendant is prohibited from establishing or maintaining any email account or social media account. Additionally, the defendant is prohibited from using another individual's email account or social media account. Must provide monthly or upon request, personal phone and credit card billings to Pretrial Services to confirm there are no services with any internet services provider.
6. ( ) Defendant is not permitted to enter places where children congregate including, but not limited to any play areas, playgrounds, libraries, children-themed restaurants, daycares, schools, amusement parks, carnivals/fairs, unless approved by the U.S. Probation Officer.
7. ( ) The defendant shall not be involved in any children's or youth organizations.
8. ( ) Defendant is prohibited from viewing, owning, or possessing any obscene, pornographic, or sexually stimulating visual or auditory material, including telephone, electronic media, computer programs, or computer services.
9. ( ) The defendant shall participate in a maintenance polygraph examination to periodically investigate the defendant's compliance. The polygraph examination shall specifically address only defendant's compliance or non-compliance with the special conditions of release and shall not inquire into the facts of the pending criminal case against defendant. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third-party payment.

✓ u. May travel to and from: _SO FL MD PA_ and must notify Pretrial Services of travel plans before leaving and upon return.

✓ v. Comply with the following additional conditions of bond:
Obtain permission from PTS prior to travel
_____
_____

DEFENDANT:
CASE NUMBER:
PAGE FIVE

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, and order of detention, as provided in 18 U.S.C. §3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. §401, which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. §1503 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. §1510 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. §1512 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. §1513 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten to do so.

It is a criminal offense under 18 U.S.C. §3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

DEFENDANT:
CASE NUMBER:
PAGE SIX

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of seven pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

**DEFENDANT**

Signed this __17__ day of __APRIL__ 2024, 23 ____ at __FORT LAUDERDALE__, Florida

Signed and acknowledged before me:     DEFENDANT: (Signature) _____

WITNESS: _____    FORT LAUDERDALE _____ FL _____

     City        State            City        State

**CORPORATE SURETY**

Signed this _____ day of _____, 23 ____ at _____, Florida

SURETY: _____    AGENT: (Signature) _____

                     PRINT NAME: _____

     City        State

**INDIVIDUAL SURETIES**

Signed this ___ day of _____, 23 __ at _____, Florida    Signed this ___ day of _____, 23 __ at _____, Florida

SURETY: (Signature) _____    SURETY: (Signature) _____

PRINT NAME: _____    PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____    RELATIONSHIP TO DEFENDANT: _____

     City        State          City        State

Signed this ___ day of _____, 23 __ at _____, Florida    Signed this ___ day of _____, 23 __ at _____, Florida

SURETY: (Signature) _____    SURETY: (Signature) _____

PRINT NAME: _____    PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____    RELATIONSHIP TO DEFENDANT: _____

     City        State          City        State

## APPROVAL BY THE COURT

Date: __4/17/24__      _____

                     Alicia O. Valle
                     UNITED STATES MAGISTRATE JUDGE

(Revised 03/2020)

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**APPEARANCE BOND:** $50,000 Personal Surety Bond

**CASE NO.:** 24-MJ-6170-AOV

UNITED STATES OF AMERICA

Plaintiff,

v.

USM #: 10087-511

Jalisa Edwards
Defendant,

_____/

I, the undersigned defendant and I or we, the undersigned sureties, jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay the United States of America, the sum of $ 50k  PSB

## STANDARD CONDITIONS OF BOND

**The conditions of this bond are that the defendant:**

1. Shall appear before this Court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this Court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case. In no event may a defendant assume that his or her case has been dismissed unless the Court has entered an order of dismissal. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the Court shall order otherwise.

2. May not travel outside the Southern District of Florida unless otherwise approved by the Court prior to any such travel. The Southern District of Florida consists of the following counties: Broward, Highlands, Indian River, Martin, Miami-Dade, Monroe, Okeechobee, Palm Beach and St. Lucie.

3. May not change his/her present address without prior notification and approval from the U.S. Probation Officer or the Court.

4. Must cooperate with law enforcement officers in the collection of a DNA sample if the collection is required by 42 U.S.C. Section 14135a.

5. Must not violate any federal, state or local law while on release in this case. Should the defendant come in contact with law enforcement he/she shall notify the U.S. Probation Officer within 72 hours.

30

DEFENDANT:
CASE NUMBER:
PAGE TWO
**SPECIAL CONDITIONS OF BOND**

In addition to compliance with the previously stated conditions of bond, the defendant must comply with the special conditions checked below:

✓ a. Surrender all passports and travel documents, if any, to Pretrial Services and not obtain any travel documents during the pendency of the case;

✓ b. Report to Pretrial Services as follows: (✓) as directed or ___ time(s) a week in person and ___ time(s) a week by telephone;

✓ c. Submit to substance abuse testing and/or treatment, contribute to the cost of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

✓ d. Refrain from ___ excessive OR ___ abstain from alcohol use or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. §802), without a prescription by a licensed medical practitioner;

___ e. Participate in a mental health assessment and/or treatment and contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

___ f. Employment restriction(s): _____

✓ g. Maintain or actively seek full-time employment;

___ h. Maintain or begin an educational program;

✓ i. Avoid all contact with victims or witnesses to the crimes charged, except through counsel. The AUSA shall provide defense counsel and pretrial services with the names of all victims or witnesses. The prohibition against contact does not take effect until defense counsel receives the list. The prohibition against contact applies only to those persons on the list, but the prosecutor may expand the list by sending written notice to defense counsel and pretrial services.;

✓ j. Avoid all contact with co-defendants and defendants in related cases, except through counsel;

✓ k. Refrain from possessing a firearm, destructive device or other dangerous weapons and shall surrender (if any), their concealed weapons permit to the U.S. Probation Office;

✓ l. None of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., any real property they own, until the bond is discharged, or otherwise modified by the Court;

✓ m. May not visit commercial transportation establishment: airports, seaport/marinas, commercial bus terminals, train stations, etc.; except travel to MD PA or Court Appearances

___ n. Defendant shall consent to the U.S. Probation Officer conducting periodic unannounced examinations of the defendant's computer equipment at his/her place of employment or on the computer at his/her residence which may include retrieval and copying of all data from the computer(s) and any internal or external peripherals to ensure compliance with this condition and/or removal of such equipment for the purpose of conducting a more thorough inspection; and consent at the direction of the U.S. Probation Officer to have installed on the defendant's computer(s), at the defendant's expense, any hardware or software systems to monitor the defendant's computer use;

DEFENDANT:
CASE NUMBER:
PAGE THREE

__ o. **LOCATION MONITORING PROGRAM:** The defendant shall be monitored by the form of location monitoring and shall abide by all technology requirements as noted below, as well as contribute to the costs of services rendered based on ( ) ability to pay as determined by the U.S. Probation Officer – or – ( ) paid by U.S. Probation;

   __ Location monitoring technology at the discretion of the officer

   __ Radio Frequency (RF) monitoring (Electronic Monitoring)

   __ Active GPS Monitoring

   __ Voice Recognition

   __ Curfew: You are restricted to your residence every day from_____ to_____, or as directed by the supervising officer.

OR

   __ Home Detention: You are restricted to your residence at all times except for:

   ( ) medical

   ( ) substance abuse or mental health treatment

   ( ) court appearances

   ( ) attorney visits or court ordered obligations

   ( ) religious services

   ( ) employment

   ( ) other activities as pre-approved by the supervising officer

— p. **RESIDENTIAL RE-ENTRY CENTER:** The defendant shall reside at a residential re-entry center or halfway house and abide by all the rules and regulations of the program. The cost to be paid by ( )Pretrial Services or ( ) based on the defendant's ability to pay. You are restricted to the residential re-entry center/halfway house at all times except for:

   ( ) employment

   ( ) education

   ( ) religious services

   ( ) medical, substance abuse, or mental health treatment

   ( ) attorney visits

   ( ) court appearances

   ( ) court ordered obligations

   ( ) reporting to Pretrial Services

   ( ) other _____

— q. Third-Party Custody: _____will serve as a third party custodian and will report any violations of the release conditions to the U.S. Probation Officer. Failure to comply with these requirements, the third-party custodian can be subject to the provisions of 18 U.S.C. § 401, Contempt of Court.

   r. The defendant shall submit his person, property, residence, vehicle, papers, computers, (as defined in 18 U.S.C. 1030(e)(1)), other electronic communication or data storage devices or media, or office, to a search conducted by a United States Probation Officer. The defendant must warn any other occupants that the premises may be subject to searches pursuant to this condition. Any search must be conducted at a reasonable time and in a reasonable manner.

DEFENDANT:
CASE NUMBER:
PAGE FOUR

___ s. **Mandatory Adam Walsh Conditions:** Defendant shall abide by specified restrictions on personal associations, place of abode, or travel, to avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense; report on a regular basis to a designated law enforcement agency, pretrial services agency or other agency; comply with a specified curfew (with electronic monitoring) and refrain from possessing a firearm, destructive device or other dangerous weapons.

___ t. Additional Sex Offense Conditions for Defendants Charged or Convicted of a Sexual Offense:

    1.  (  ) Defendant may not have contact with victim(s), or any child under the age of 18, unless approved by the Court or allowed by the U.S. Probation Officer.

    2.  (  ) The defendant shall not possess or use any data encryption technique or program and shall provide passwords and administrative rights to the U.S. Probation Officer.

    3.  (  ) Defendant shall participate in specialized sex offender evaluation and treatment, if necessary, and to contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Office.

    4.  (  ) Defendant shall not possess, procure, purchase or otherwise obtain any internet capable device and/or computer. Additionally, the defendant is prohibited from using another individual's computer or device that has internet capability.

    5.  (  ) Defendant is prohibited from establishing or maintaining any email account or social media account. Additionally, the defendant is prohibited from using another individual's email account or social media account. Must provide monthly or upon request, personal phone and credit card billings to Pretrial Services to confirm there are no services with any internet services provider.

    6.  (  ) Defendant is not permitted to enter places where children congregate including, but not limited to any play areas, playgrounds, libraries, children-themed restaurants, daycares, schools, amusement parks, carnivals/fairs, unless approved by the U.S. Probation Officer.

    7.  (  ) The defendant shall not be involved in any children's or youth organizations.

    8.  (  ) Defendant is prohibited from viewing, owning, or possessing any obscene, pornographic, or sexually stimulating visual or auditory material, including telephone, electronic media, computer programs, or computer services.

    9.  (  ) The defendant shall participate in a maintenance polygraph examination to periodically investigate the defendant's compliance. The polygraph examination shall specifically address only defendant's compliance or non-compliance with the special conditions of release and shall not inquire into the facts of the pending criminal case against defendant. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third-party payment.

✓ u. May travel to and from: ___SO FL___ ___MO PA___ and must notify Pretrial Services of travel plans before leaving and upon return.

✓ v. Comply with the following additional conditions of bond:

Obtain permission from PTS prior to travel _____

_____

_____

DEFENDANT:
CASE NUMBER:
PAGE FIVE

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, and order of detention, as provided in 18 U.S.C. §3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. §401, which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. §1503 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. §1510 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. §1512 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. §1513 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten to do so.

It is a criminal offense under 18 U.S.C. §3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

34

DEFENDANT:
CASE NUMBER:
PAGE SIX

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of seven pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

**DEFENDANT**

Signed this __17__ day of __APRIL__ 2024, 23 ____ at __FORT LAUDERDALE__, Florida

Signed and acknowledged before me:       DEFENDANT: (Signature) _____

WITNESS: _____

FORT LAUDERDALE ___ FL ___
City _____ State

_____ _____
City        State

### CORPORATE SURETY

Signed this ____ day of _____, 23 ____ at _____, Florida

SURETY: _____       AGENT: (Signature) _____

PRINT NAME: _____

_____ _____
City        State

### INDIVIDUAL SURETIES

Signed this ___ day of _____, 23 ___ at _____, Florida     Signed this ___ day of _____, 23 ___ at _____, Florida

SURETY: (Signature) _____     SURETY: (Signature) _____

PRINT NAME: _____     PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____     RELATIONSHIP TO DEFENDANT: _____

_____ _____      _____ _____
City        State        City        State

Signed this ___ day of _____, 23 ___ at _____, Florida     Signed this ___ day of _____, 23 ___ at _____, Florida

SURETY: (Signature) _____     SURETY: (Signature) _____

PRINT NAME: _____     PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____     RELATIONSHIP TO DEFENDANT: _____

_____ _____      _____ _____
City        State        City        State

### APPROVAL BY THE COURT

Date: __4/17/24__        _____

Alicia O. Valle
UNITED STATES MAGISTRATE JUDGE

35

```
CM/ECF RESTRICTED
```

DEFENDANT:
CASE NUMBER:
PAGE SEVEN

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of seven pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this __17__ day of __April__, 23____ at __Fort Lauderdale__, Florida

Signed and acknowledged before me:

DEFENDANT: (Signature) _____

WITNESS: _____

ADDRESS: 5210 NW 16m St. #3
Lauderhill FL 33311    ZIP: 33311

ADDRESS: _____

_____ ZIP: _____

TELEPHONE: (918) 707-1130

### CORPORATE SURETY

Signed this _____ day of _____, 23 ____ at _____, Florida

SURETY: _____

AGENT: (Signature) _____

ADDRESS: _____

PRINT NAME: _____

_____ ZIP: _____

TELEPHONE: _____

### INDIVIDUAL SURETIES

Signed this ___ day of _____, 23 __ at _____, Florida

SURETY: (Signature) _____

PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____

ADDRESS: _____

_____ ZIP: _____

TELEPHONE: _____

Signed this ___ day of _____, 23 __ at _____, Florida

SURETY: (Signature) _____

PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____

ADDRESS: _____

_____ ZIP: _____

TELEPHONE: _____

Signed this ___ day of _____, 23 __ at _____, Florida

SURETY: (Signature) _____

PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____

ADDRESS: _____

_____ ZIP: _____

TELEPHONE: _____

Signed this ___ day of _____, 23 __ at _____, Florida

SURETY: (Signature) _____

PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____

ADDRESS: _____

_____ ZIP: _____

TELEPHONE: _____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No. 24-MJ-6170-AOV

United States of America
        Plaintiff,

   v.

Jalisa Edwards
        Defendant,

_____/

## ORDER OF REMOVAL

It appearing that in the **Middle District of Pennsylvania**, an Indictment was filed against the above-named defendant on a charge of Accessory After the Fact, and that the defendant was arrested in the Southern District of Florida and was given a hearing before United States Magistrate Judge Alicia O. Valle  at Fort Lauderdale, Florida, which officially committed the defendant for removal to the **Middle District of Pennsylvania**, it is ORDERED AND ADJUDGED that the defendant be removed to the above-named district for trial on said charge.

And it further appearing that the defendant waived further hearing in the said removal proceedings and was held by the Magistrate Judge Alicia O. Valle for removal and released to $ 50,000 Personal Surety Bond which was approved by the United States Magistrate Judge Alicia O. Valle, and it is further ORDERED that the defendant shall appear in the aforesaid district at such times and places as may be ordered by that District Court, in accordance with the terms and conditions of aforesaid bond furnished by the defendant, and it is further ORDERED that the funds, plus interest, which may have been deposited on behalf of this defendant with the Clerk of the Court under Bail Reform Act be transferred to the district where removed.

DONE AND ORDERED at Fort Lauderdale, Florida on 04/17/2024.

_____
Alicia O. Valle
United States Magistrate Judge

37