UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Dkt. No. 1:24-CR-00096 |
| | : | |
| v. | : | (Wilson, J.) |
| | : | |
| DURANTE KING-McCLEAN, | : | (electronically filed) |
| Defendant | : | |

## PLEA AGREEMENT

The following Plea Agreement is entered by the United States Attorney for the Middle District of Pennsylvania and the above-captioned defendant. Any reference to the United States or to the Government in this Agreement shall mean the Office of the United States Attorney for the Middle District of Pennsylvania.

## A. Violation(s), Penalties, and Dismissal of Other Counts

1. <u>Plea of Guilty</u>. The defendant agrees to plead guilty to Count 1 of the Indictment which charges the defendant with a violation of Title 18, United States Code, § 933(a)(1) and(3), (conspiracy to traffick in firearms). The maximum penalty for that offense is imprisonment for a period of 15 years, a fine of $250,000.00, a maximum term of supervised release of 3 years, to be determined by the Court, which shall be served at the

conclusion of and in addition to any term of imprisonment, the costs of prosecution, denial of certain federal benefits, and an assessment in the amount of $100.00. At the time the guilty plea is entered, the defendant shall admit to the Court that the defendant is, in fact, guilty of the offense(s) charged in Count 1 of the Indictment. The defendant agrees that the United States may, at its sole election, reinstate any dismissed charges or seek additional charges in the event that any guilty plea entered or sentence imposed pursuant to this Agreement is subsequently vacated, set aside, or invalidated by any Court. The defendant further agrees to waive any defenses to reinstatement of those charges, or the filing of additional charges, based upon laches, the assertion of speedy trial rights, any applicable statute of limitations, or any other ground. The calculation of time under the Speedy Trial Act for when trial must commence is tolled as of the date of the defendant's signing of this Agreement, until either (a) the defendant pleads guilty; or (b) a new date is set by the Court for commencement of trial.

2

2. <u>Venue Waiver</u>. The defendant agrees to knowingly waive the right to challenge venue over the charged offense in the United States District Court for the Middle District of Pennsylvania.

3. <u>Term of Supervised Release</u>. The defendant understands that the Court may impose a term of supervised release following any sentence of imprisonment exceeding one year, or when required by statute. The Court may require a term of supervised release in any other case. In addition, the defendant understands that as a condition of any term of supervised release or probation, the Court must order that the defendant cooperate in the collection of a DNA sample if the collection of a sample is so authorized by law.

4. <u>No Further Prosecution, Except Tax Charges</u>. The United States Attorney's Office for the Middle District of Pennsylvania agrees that it will not bring any other criminal charges against the defendant directly arising out of the defendant's involvement in the offense(s) described above. However,

3

nothing in this Agreement will limit prosecution for criminal tax charges, if any, arising out of those offenses.

## B. Fines and Assessments

5. Fine. The defendant understands that the Court may impose a fine pursuant to the Sentencing Reform Act of 1984. The willful failure to pay any fine imposed by the Court, in full, may be considered a breach of this Plea Agreement. Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties pursuant to Title 18, United States Code, § 3611, et seq.

6. Alternative Fine. The defendant understands that under the alternative fine section of Title 18, United States Code, § 3571, the maximum fine quoted above may be increased if the Court finds that any person derived pecuniary gain or suffered pecuniary loss from the offense and that the maximum fine to be imposed, if the Court elects to proceed in this fashion, could

be twice the amount of the gross gain or twice the amount of the gross loss resulting from the offense.

7. <u>Inmate Financial Responsibility Program</u>.  If the Court orders a fine or restitution as part of the defendant's sentence, and the sentence includes a term of imprisonment, the defendant agrees to voluntarily enter the United States Bureau of Prisons-administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect up to 50% of the defendant's prison salary, and up to 50% of the balance of the defendant's inmate account, and apply that amount on the defendant's behalf to the payment of the outstanding fine and restitution orders.

8. <u>Special Assessment</u>.  The defendant understands that the Court will impose a special assessment of $100.00, pursuant to the provisions of Title 18, United States Code, § 3013.  No later than the date of sentencing, the defendant or defendant's counsel shall mail a check in payment of the special assessment directly to the Clerk, United States District Court, Middle

District of Pennsylvania. If the defendant intentionally fails to make this payment, that failure may be treated as a breach of this Plea Agreement and may result in further prosecution, the filing of additional criminal charges, or a contempt citation.

9.  If the defendant is convicted of a human trafficking, sex trafficking, or child pornography/child sexual exploitation offense, and if the Court finds the defendant is not indigent, an additional special assessment of $5,000 will be imposed, pursuant to Title 18 U.S.C. § 3014(a).

10. Collection of Financial Obligations. In order to facilitate the collection of financial obligations imposed in connection with this case, the defendant consents and agrees:

   a.  to fully disclose all assets in which the defendant has an interest or over which the defendant has control, directly or indirectly, including those held by a spouse, nominee, or other third party;

   b.  to submit to interviews by the Government regarding the defendant's financial status;

6

c.   to submit a complete, accurate, and truthful financial statement, on the form provided by the Government, to the United States Attorney's Office no later than 14 days following entry of the guilty plea;

d.   whether represented by counsel or not, to consent to contact by and communication with the Government, and to waive any prohibition against communication with a represented party by the Government regarding the defendant's financial status;

e.   to authorize the Government to obtain the defendant's credit reports in order to evaluate the defendant's ability to satisfy any financial obligations imposed by the Court; and

f.   to submit any financial information requested by the Probation Office as directed, and to the sharing of financial information between the Government and the Probation Office.

## C.  Sentencing Guidelines Calculation

7

11. <u>Determination of Sentencing Guidelines.</u>  The defendant and
counsel for both parties agree that the United States Sentencing
Commission Guidelines, which took effect on November 1, 1987,
and its amendments (the "Sentencing Guidelines"), will apply to
the offense or offenses to which the defendant is pleading guilty.
The defendant understands that the Sentencing Guidelines are
advisory and not binding on the Court.  The defendant further
agrees that any legal and factual issues relating to the
application of the Sentencing Guidelines to the defendant's
conduct, including facts to support any specific offense
characteristic or other enhancement or adjustment and the
appropriate sentence within the statutory maximums provided
for by law, will be determined by the Court after briefing, a pre-
sentence hearing, or a sentencing hearing.

12. <u>Acceptance of Responsibility– Two/Three Levels</u>.  If the
defendant can adequately demonstrate recognition and
affirmative acceptance of responsibility to the Government as
required by the Sentencing Guidelines, the Government will

8

recommend that the defendant receive a two- or three-level reduction in the defendant's offense level for acceptance of responsibility. The third level, if applicable, shall be within the discretion of the Government under U.S.S.G. § 3E1.1. The failure of the Court to find that the defendant is entitled to a reduction shall not be a basis to void this Agreement.

## D.   Sentencing Recommendation

13. <u>Appropriate Sentence Recommendation</u>. At the time of sentencing, the United States may make a recommendation that it considers appropriate based upon the nature and circumstances of the case and the defendant's participation in the offense, and specifically reserves the right to recommend a sentence up to and including the maximum sentence of imprisonment and fine allowable, together with the cost of prosecution.

14. <u>Special Conditions of Probation/Supervised Release</u>. If probation or a term of supervised release is ordered, the United

States may recommend that the Court impose one or more special conditions, including but not limited to the following:

a.   The defendant be prohibited from possessing a firearm or other dangerous weapon.

b.   The defendant make restitution, if applicable, the payment of which shall be in accordance with a schedule to be determined by the Court.

c.   The defendant pay any fine imposed in accordance with a schedule to be determined by the Court.

d.   The defendant be prohibited from incurring new credit charges or opening additional lines of credit without approval of the Probation Office unless the defendant is in compliance with the payment schedule.

e.   The defendant be directed to provide the Probation Office and the United States Attorney access to any requested financial information.

f.   The defendant be confined in a community treatment center, halfway house, or similar facility.

g.  The defendant be placed under home confinement.

h.  The defendant be ordered to perform community service.

i.  The defendant be restricted from working in certain types of occupations or with certain individuals, if the Government deems such restrictions to be appropriate.

j.  The defendant be directed to attend substance abuse counseling, which may include testing to determine whether the defendant is using drugs or alcohol.

k.  The defendant be directed to attend psychiatric or psychological counseling and treatment in a program approved by the Probation Officer.

l.  The defendant be denied certain federal benefits including contracts, grants, loans, fellowships, and licenses.

m.  The defendant be directed to pay any state or federal taxes and file any and all state and federal tax returns as required by law.

15.  <u>Forfeiture of Firearms Possessed in Connection With the Offense</u>.  The United States and the defendant hereby agree

11

that the firearms listed in Count 1 of the Indictment, which are firearms as defined in 18 U.S.C., § 921, seized during the investigation and currently in the custody and control of the Pennsylvania State Police and/or the Bureau of Alcohol, Tobacco, Firearms and Explosives, were properly seized and were possessed, involved in, or used in a violation of 18 U.S.C. § 922(g) to which the defendant will plead guilty.  The defendant agrees that the firearm is subject to forfeiture to the United States pursuant to 18 U.S.C. § 924.  The defendant hereby relinquishes to the United States any claim, title and interest the defendant has in said firearm(s).  The defendant agrees to withdraw any claim made in any civil, administrative, or judicial forfeiture brought against said firearm, and further agrees not to oppose any civil, administrative, or judicial forfeiture of said firearm.

## E. Victims' Rights and Restitution

16. Victims' Rights.  The defendant understands that pursuant to the Victim and Witness Protection Act, the Crime Victims'

12

Rights Act, the Justice for All Act, and the regulations promulgated under those Acts by the Attorney General of the United States, crime victims have the following rights:

a.   The right to be reasonably protected from the accused;

b.   The right to reasonable, accurate, and timely notice of any public court proceeding or any parole proceeding involving the crime, or of any release or escape of the accused;

c.   The right not to be excluded from any such public court proceeding, unless the Court, after receiving clear and convincing evidence, determines that testimony by the victim would be altered materially if the victim heard other testimony at that proceeding;

d.   The right to be reasonably heard at any public hearing in the Court involving release, plea, sentencing, or any parole proceeding. The defendant understands that the victims' comments and recommendations at any of these proceedings may be different than those of the parties to this Agreement;

13

e.   The reasonable right to confer with the attorney for the Government in the case. The defendant understands that the victims' opinions and recommendations given to the attorney for the Government may be different than those presented by the United States as a consequence of this Agreement;

f.   The right to full and timely restitution as provided for by law. The attorney for the Government is required to "fully advocate the rights of victims on the issue of restitution unless such advocacy would unduly prolong or complicate the sentencing proceeding," and the Court is authorized to order restitution by the defendant including, but not limited to, restitution for property loss, economic loss, personal injury, or death;

g.   The right to proceedings free from unreasonable delay; and

h.   The right to be treated with fairness and with respect for the victim's dignity and privacy.

14

## F. Information Provided to Court and Probation Office

17. Background Information for Probation Office. The defendant
    understands that the United States will provide to the United
    States Probation Office all information in its possession that the
    United States deems relevant regarding the defendant's
    background, character, cooperation, if any, and involvement in
    this or other offenses.

18. Objections to Pre-Sentence Report. The defendant understands
    that pursuant to the United States District Court for the Middle
    District of Pennsylvania's "Policy for Guideline Sentencing,"
    both the United States and defendant must communicate to the
    Probation Officer within 14 days after disclosure of the pre-
    sentence report any objections they may have as to material
    information, sentencing classifications, applicable Sentencing
    Guidelines ranges, and policy statements contained in or
    omitted from the report. The defendant agrees to meet with the
    United States at least five days prior to sentencing in a good
    faith attempt to resolve any substantive differences. If any

15

issues remain unresolved, they shall be communicated to the

Probation Officer for inclusion in an addendum to the pre-

sentence report. The defendant agrees that unresolved

substantive objections will be decided by the Court after

briefing, a pre-sentence hearing, or at the sentencing hearing,

where the standard or proof will be a preponderance of the

evidence, and the Federal Rules of Evidence, other than with

respect to privileges, shall not apply under Fed. R. Evid.

1101(d)(3), and the Court may consider any reliable evidence,

including hearsay. Objections by the defendant to the pre-

sentence report or the Court's rulings, will not be grounds for

withdrawal of a plea of guilty.

19. Relevant Sentencing Information. At sentencing, the United

States will be permitted to bring to the Court's attention, and

the Court will be permitted to consider, all relevant information

about the defendant's background, character and conduct,

including the conduct that is the subject of the charges that the

United States has agreed to dismiss, and the nature and extent

16

of the defendant's cooperation, if any. The United States will be entitled to bring to the Court's attention and the Court will be entitled to consider any failure by the defendant to fulfill any obligation under this Agreement.

20. Non-Limitation on Government's Response. Nothing in this Agreement shall restrict or limit the nature or content of the United States' motions or responses to any motions filed on behalf of the defendant. Nor does this Agreement in any way restrict the Government in responding to any request by the Court for briefing, argument or presentation of evidence regarding the application of Sentencing Guidelines to the defendant's conduct, including but not limited to, requests for information concerning possible sentencing departures.

## G. Court Not Bound by Plea Agreement

21. Court Not Bound by Terms. The defendant understands that the Court is not a party to and is not bound by this Agreement, or by any recommendations made by the parties. Thus, the Court is free to impose upon the defendant any sentence up to

17

and including the maximum sentence of imprisonment for 15 years, a fine of $250,000.00, a maximum term of supervised release of up to 3 years, which shall be served at the conclusion of and in addition to any term of imprisonment, the costs of prosecution, denial of certain federal benefits, and assessments totaling $100.00.

22. No Withdrawal of Plea Based on Sentence or Recommendations. If the Court imposes a sentence with which the defendant is dissatisfied, the defendant will not be permitted to withdraw any guilty plea for that reason alone, nor will the defendant be permitted to withdraw any guilty plea should the Court decline to follow any recommendations by any of the parties to this Agreement.

## H.  Breach of Plea Agreement by Defendant

23. Breach of Agreement.  In the event the United States believes the defendant has failed to fulfill any obligation under this Agreement, then the United States shall, in its discretion, have the option of petitioning the Court to be relieved of its

obligations under this Agreement. Whether the defendant has completely fulfilled all of the obligations under this Agreement shall be determined by the Court in an appropriate proceeding, during which any disclosures and documents provided by the defendant shall be admissible, and during which the United States shall be required to establish any breach by a preponderance of the evidence.

24. Remedies for Breach. The defendant and the United States agree that in the event the Court concludes that the defendant has breached the Agreement:

    a.  The defendant will not be permitted to withdraw any guilty plea tendered under this Agreement and agrees not to petition for withdrawal of any guilty plea;

    b.  The United States will be free to make any recommendations to the Court regarding sentencing in this case;

    c.  The United States will be free to bring any other charges it has against the defendant, including any charges originally

19

brought against the defendant or which may have been

under investigation at the time of the plea. The defendant

waives and hereby agrees not to raise any defense to the

reinstatement of these charges based upon collateral

estoppel, Double Jeopardy, statute of limitations, assertion

of Speedy Trial rights, or other similar grounds.

25. Violation of Law While Plea or Sentence Pending. The

defendant understands that it is a condition of this Agreement

that the defendant refrain from any further violations of state,

local, or federal law while awaiting plea and sentencing. The

defendant acknowledges and agrees that if the Government

receives information that the defendant has committed new

crimes while awaiting plea or sentencing in this case, the

Government may petition the Court and, if the Court finds by a

preponderance of the evidence that the defendant has

committed any other criminal offense while awaiting plea or

sentencing, the Government shall be free at its sole election to

either: (a) withdraw from this Agreement; or (b) make any

20

sentencing recommendations to the Court that it deems appropriate. The defendant further understands and agrees that, if the Court finds that the defendant has committed any other offense while awaiting plea or sentencing, the defendant will not be permitted to withdraw any guilty pleas tendered pursuant to this Agreement, and the government will be permitted to bring any additional charges that it may have against the defendant.

## I. Transfer of Information to IRS

26. <u>Transfer of Case to IRS</u>. The defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning the defendant or this offense, to other state and federal agencies or other organizations, including, but not limited to the IRS, law enforcement agencies and licensing and regulatory agencies.

## J. Deportation

27. <u>Deportation/Removal from the United States</u>. The defendant understands that, if defendant is not a United States citizen,

deportation/removal from the United States is a consequence of this plea. The defendant further agrees that this matter has been discussed with counsel who has explained the immigration consequences of this plea. The defendant still desires to enter into this plea after having been so advised.

28. <u>Agreement to Deportation</u>. The defendant understands that he will be deported from the United States as a result of this conviction and the defendant agrees not to oppose any such removal/deportation proceedings or to appeal any order of removal/deportation. Furthermore, the defendant agrees to cooperate with the United States in all proceedings and actions related to deportation in order to expedite deportation.

a. **Stipulation to Judicial Order of Removal**.

    i. The defendant agrees to the entry of a stipulated judicial order of removal pursuant to Title 8, United States Code, § § 1228(c)(5) and [1182 or 1227]. Specifically, the defendant admits that he is a native and citizen of Canada and that he is removable from the

United States pursuant to Title 8, United States Code, §
§ 1325 (illegal entry).

b. **Voluntary Waiver of Rights**.

  i.  After consultation with counsel and understanding the
      legal consequences of doing so, the defendant knowingly
      and voluntarily waives the right to the notice and
      hearing provided for in Title 8, United States Code, §
      1228(c)(2) and further waives any and all rights to
      appeal, reopen, reconsider, or otherwise challenge this
      stipulated removal order. The defendant understands
      and knowingly waives his right to a hearing before an
      immigration judge or any other authority under the
      Immigration and Nationality Act ("INA"), on the
      question of the defendant's removability from the
      United States. The defendant further understands the
      rights the defendant would possess in a contested
      administrative proceeding and waives these rights,
      including the defendant's right to examine the evidence

23

against him, to present evidence on his behalf, and to
cross-examine the witnesses presented by the
government.

ii.   The defendant agrees to waive his rights to any and all
forms of relief or protection from removal, deportation,
or exclusion under the INA, as amended, and related
federal regulations. These rights include, but are not
limited to, the ability to apply for the following forms of
relief or protection from removal: asylum; withholding of
removal under Title 8, United States Code, § 1231(b)(3);
any protection from removal pursuant to Article 3 of the
United Nations Convention Against Torture, including
withholding or deferral of removal under 8 C.F.R. § 208;
cancellation of removal; adjustment of status; registry;
*de novo* review  of a denial or revocation of temporary
protected status (current or future); waivers under Title
8, United States Code, §§ 1182(h) or 1182(i); visa
petitions; consular processing; voluntary departure or

24

any other possible relief or protection from removal available under the Constitution, laws or treaty obligations of the United States. As part of this agreement, the defendant specifically acknowledges and states that the defendant has not been persecuted in, and has no present fear of persecution in, [country] on account of his race, religion, nationality, membership in a particular social group, or political opinion. Similarly, the defendant further acknowledges and states that the defendant has not been tortured in, and has no present fear of torture in, Canada.

iii. The defendant hereby requests that an order be issued by this Court for his removal to Canada. The defendant agrees to accept a written order of removal as a final disposition of these proceedings and waives any and all rights to challenge any provision of this agreement in any United States or foreign court or tribunal.

iv.  The defendant hereby agrees to make the judicial order
of removal a public document, waiving his privacy
rights, including his privacy rights under 8 C.F.R. §
208.6.  At the request of the U.S. Attorney's Office,
U.S. Immigration and Customs Enforcement ("ICE")
concurs with the government's request for a judicial
order of removal.  As a result of the above-referenced
order, upon the completion of the defendant's criminal
proceedings, including any sentence of incarceration and
any Court-imposed supervision, the defendant shall be
removed to Canada.

c.  **Assistance in the Execution of Removal.**

i.  The defendant agrees to assist ICE in the execution of
his removal.  Specifically, the defendant agrees to assist
ICE in the procurement of any travel or other
documents necessary for the defendant's removal; to
meet with and to cooperate with representatives of the
country or countries to which the defendant's removal is

26

directed; and, to execute those forms, applications, or waivers needed to execute or expedite the defendant's removal.  The defendant further understands that his failure or refusal to assist ICE in the execution of his removal shall breach this plea agreement and may subject the defendant to criminal penalties under Title 8, United States Code, § 1253.

d.  **Re-entry and Penalties.**

    i.  The defendant concedes that the entry of this judicial order of removal renders him permanently inadmissible to the United States.  He agrees that he will not enter, attempt to enter, or transit through the United States without first seeking and obtaining permission to do so from the Secretary of the Department of Homeland Security or other designated representative of the U.S. government.

27

ii.  The Court's failure, for any reason, to enter the judicial

order of removal, shall make this plea agreement, and

the promises contained herein, null and void.

## K. **Appeal Waiver**

29. Appeal Waiver – Direct.  The defendant is aware that Title 28,

United States Code, § 1291 affords a defendant the right to

appeal a judgment of conviction and sentence; and that Title 18,

United States Code, § 3742(a) affords a defendant the right to

appeal the sentence imposed.  Acknowledging all of this, the

defendant knowingly waives the right to appeal the conviction

and sentence.  This waiver includes any and all possible

grounds for appeal, whether constitutional or non-

constitutional, including, but not limited to, the manner in

which that sentence was determined in light of *United States v.*

*Booker*, 543 U.S. 220 (2005).  The defendant further

acknowledges that this appeal waiver is binding only upon the

defendant and that the United States retains its right to appeal

in this case.

28

30. <u>Collateral Appeal Waiver.</u>  The defendant acknowledges,
    understands and agrees that, by pleading guilty pursuant to
    this Agreement, the defendant voluntarily and knowingly
    waives the right to collaterally attack the defendant's
    conviction, sentence, or any other matter relating to this
    prosecution, including but not limited to a motion to vacate
    judgment under Title 28, United States Code, Section 2255; a
    petition for a writ of habeas corpus under Title 28, United
    States Code, Section 2241; or any other motion or writ seeking
    collateral relief.  However, no provision of this agreement shall
    preclude the defendant from pursuing in an appropriate forum
    any appeal, collateral attack, writ, or motion claiming that the
    defendant received constitutionally ineffective assistance of
    counsel.  In the event the defendant raises a claim of ineffective
    assistance of counsel, the defendant hereby agrees (a) that the
    Government retains its right to oppose any such claim on
    procedural or substantive grounds; and (b) that counsel for the
    United States may confer with any of the defendant's prior

29

counsel whose performance is attacked in such a claim, for
purposes of preparing any response or for any hearing
necessitated by the filing of such a claim.

31. <u>Appeal Waiver Breach.</u>  The defendant acknowledges that
pursuing a direct appeal or any collateral attack waived in the
preceding paragraph(s) may constitute a breach of this
Agreement. The Government agrees that the mere filing of a
notice of appeal is not a breach of the Agreement. The
Government may declare a breach only after the defendant or
the defendant's counsel thereafter states, either orally or in
writing, a determination to proceed with an appeal or collateral
attack raising an issue the Government deems barred by the
waiver.  The parties acknowledge that the pursuit of an appeal
or any collateral attack constitutes a breach only if a court
determines that the appeal or collateral attack does not present
an issue that a judge may reasonably conclude is permitted by
an exception to the waiver stated in the preceding paragraph(s)

30

or constitutes a "miscarriage of justice" as that term is defined
in applicable law.

## L. Other Provisions

32. <u>Agreement Not Binding on Other Agencies</u>. Nothing in this
    Agreement shall bind any other United States Attorney's Office,
    state prosecutor's office, or federal, state, or local law
    enforcement agency.

33. <u>No Civil Claims or Suits</u>. The defendant agrees not to pursue or
    initiate any civil claims or suits against the United States of
    America, its agencies or employees, whether or not presently
    known to the defendant, arising out of the investigation,
    prosecution or cooperation, if any, covered by this Agreement,
    including but not limited to any claims for attorney's fees and
    other litigation expenses arising out of the investigation and
    prosecution of this matter. By the defendant's guilty plea in
    this matter the defendant further acknowledges that the
    Government's position in this litigation was taken in good faith,
    had a substantial basis in law and fact and was not vexatious.

34. <u>Plea Agreement Serves Ends of Justice</u>. The United States is entering this Agreement with the defendant because this disposition of the matter fairly and adequately addresses the gravity of the offense(s) from which the charge(s) is/are drawn, as well as the defendant's role in such offense(s), thereby serving the ends of justice.

35. <u>Merger of All Prior Negotiations</u>. This document states the complete and only Agreement between the United States Attorney for the Middle District of Pennsylvania and the defendant in this case and is binding only on the parties to this Agreement and supersedes all prior understandings or plea offers, whether written or oral. This agreement cannot be modified other than in writing that is signed by all parties or on the record in court. No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea. Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the defendant certifies that the

32

defendant's plea is knowing and voluntary and is not the result
of force or threats or promises apart from those promises set
forth in this Agreement.

36. <u>Defendant is Satisfied with Assistance of Counsel</u>. The
Defendant agrees that the defendant has discussed this case
and this Agreement in detail with the defendant's attorney, who
has advised the defendant of the defendant's Constitutional and
other trial and appellate rights, the nature of the charges, the
elements of the offenses the United States would have to prove
at trial, the evidence the United States would present at such
trial, possible defenses, the advisory Sentencing Guidelines and
other aspects of sentencing, potential losses of civil rights and
privileges, and other potential consequences of pleading guilty
in this case. The defendant agrees that the defendant is
satisfied with the legal services and advice provided to the
defendant by the defendant's attorney.

37. <u>Deadline for Acceptance of Plea Agreement</u>.  The original of this
Agreement must be signed by the defendant and defense

counsel and received by the United States Attorney's Office on or before 5:00 p.m., August 15, 2024, otherwise the offer may, in the sole discretion of the Government, be deemed withdrawn.

38. <u>Required Signatures</u>.  None of the terms of this Agreement shall be binding on the Office of the United States Attorney for the Middle District of Pennsylvania until signed by the defendant and defense counsel and then signed by the United States Attorney or his designee.

## ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney.  I fully understand it and I voluntarily agree to it.

4/2/25
Date

DURANTE KING-McCLEAN
Defendant

I am the defendant's counsel.  I have carefully reviewed every part of this agreement with the defendant.  To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

4/2/25
Date

JESSICA BUSH, ESQUIRE
Counsel for Defendant

34

GERARD M. KARAM
United States Attorney

*April 11, 2025*
Date

By

WILLIAM A. BEHE
Assistant United States Attorney

WAB/USAO# 2023R00486/August 1, 2024
VERSION DATE: March 8, 2021

35